No. A-CV-34-81

## COURT OF APPEALS OF THE NAVAJO NATION

March 12, 1982

In the Matter of the Estate of:
Bob HUSKIE, aka Bob HUSKON, Deceased.

OPINION AND ORDER

Frankie Howard, Esq., DNA-People's Legal Services, Tuba City, Navajo Nation (Arizona) for Appellant and Mikki Deerwater, Esq., DNA-People's Legal Services, Window Rock, Navajo Nation (Arizona) for Intervenors.

This matter comes before the court on a petition for a writ of mandamus and a response to the petition asking that the petition be quashed.

The undersigned Trial Judge serves as an Acting Chief Justice under 7 NTC Sec. 301 upon the self-disqualification of the Chief Justice.

Boiled down to its basics, the petition for the writ of mandamus asks this court to act by requiring the Trial Judge of the Tuba City District Court to act upon a motion to reconsider a probate decree of June 4, 1981. The petition then goes on to ask that the probate decree be reversed or that the case be returned to District Court for a new hearing on the merits of the case.

Aside from considering appeals this court can do what is necessary and proper to carry out its jurisdiction, regulate a Trial Court where it acts beyond its jurisdiction or require a Trial Court to act where it fails or refuses to act within its jurisdiction. 7 NTC Sec. 303. The procedure called "mandamus" or "mandate" in Anglo-American jurisprudence is designed to address situations where a trial court clearly acts beyond its jurisdiction. The petition here actually addresses the third area of special writs or orders, and properly pleads a failure to act within the scope of jurisdiction because of the fact Rule 5(d) of the Rules of Appellate Procedure calls for a motion for reconsideration, which must be ruled upon within five days of its submission.

There is nothing for this court to rule upon because the motion for reconsideration in this case, dated June 22, 1981, was denied on September 21, 1981. While the denial was made far beyond the date called for in the rule, this court has no jurisdiction to act where the action demanded has already taken place. The case is moot.

There remains the request to reverse the probate decree and the request for a complete hearing. That sort of action does not fall within 7 NTC Sec. 303 because it does not involve jurisdictional limitations or a failure to act. It involves the merits. In such a situation the petitioner must use her appeal remedy under 7 NTC Sec. 302, since that is

a procedure separate and distinct from the special remedies provided in Sec. 303.

The final order of the trial court in the form of a probate decree was made on June 4, 1981. The "writ of mandamus" (which would be properly styled a petition for a writ of mandamus) was filed on August 6, 1981 - far beyond the 30 day jurisdictional period set by Rule 2(c) of the Rules of Appellate Procedure and 7 NTC Sec. 801(a).

There are no questions of the denial of due process or other guaranteed rights here. The petitioner very simply slept on her rights, but had a notice of appeal been filed as is required, this court would have exercised the authority of 7 NTC Sec. 801(a) to dismiss the appeal.

Based on these considerations it is hereby

ORDERED that the petition in this case is hereby DISMISSED.